## PAOLINO v. LORDI.

(City Court of New York, Trial Term. February, 1909.)

**SALES (§ 201*)—CONTRACT—DELIVERY TO CARRIER.**

Under a contract for purchase by defendant of plaintiff, made in New York, of wine there sampled by defendant and to be shipped to R., the memorandum of which provided that defendant would deliver to plaintiff the purchase price as soon as the six barrels of red wine, identical with the sample, will have been received in Florida by R., the title vested in the purchaser on delivery of the wine to the carrier to be shipped, and the duty of plaintiff ended when he shipped six barrels of wine identical with the sample shown, and defendant was liable for the price, though it was not in such condition on arrival.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 535; Dec. Dig. § 201.*]

Action by Paolo Paolino against Giovanni Lordi. There was a verdict for plaintiff, which defendant moves to set aside. Motion denied.

Abraham Nelson, for plaintiff.

Palmierie & Wechsler, for defendant.

FINELITE, J. This action was brought to recover the sum of $294.50, being the agreed price and value of six barrels of wine shipped and delivered on or about November 4, 1906, to one G. Re at Pensacola, Fla. It seems that before the sale, to wit, November 3, 1906, the plaintiff called on defendant at his place of business in Spring street, this city, and there, after some talk, the sale was consummated; defendant agreeing to buy six barrels of red wine, containing 310 gallons, at 95 cents a gallon, the same, as sample shown him and tasted by him, to be shipped as above. To bind the sale the following memorandum in the Italian language was drawn by the defendant and delivered to plaintiff. Translated it reads:

"New York, November 3, 1906. I will deliver to Paolo Paolino the sum of $294.50 as soon as the six barrels of red wine, quality identical with the sample, will have been received in Pensacola, Florida, by Mr. G. Re. Number of gallons 310.                                     G. Lordi."

It is admitted by defendant that six barrels of wine were shipped to G. Re, and accepted by said G. Re at the destination agreed upon; but he claims that one barrel conformed to sample, and that the balance was sour, unmerchantable, unfit for use, and of no value. On the other hand, plaintiff and his witnesses testified that the wine shipped was the identical wine imported by him from Italy in the original state, and that he and one Quaglia, his assistant, tasted the wine, and found it of same quality and identical with sample. The question having been left to the jury, they brought in a verdict for the plaintiff for $234.50, interest having been added, making in all $334.29, which verdict defendant moves to set aside as being against the evidence and weight of evidence, and on all exceptions taken on the trial.

The defendant contends that his motion should be granted for the reason that the agreement provided that the defendant was to receive at Pensacola wine that was identical with the sample, and plaintiff

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

must show that before he can recover.  As I read the agreement, taking into consideration the circumstances under which it was made, and endeavoring to put myself as nearly as can be in the situation of the parties, I cannot but feel that the duty of the plaintiff ended when he shipped six barrels of wine which were identical with the sample shown defendant.  The jury believed the testimony of the plaintiff and his witnesses that the wine shipped was identical with sample, and that it was not a part of plaintiff's contract to insure the wine to remain in the same shape after being carried over a journey of some 2,000 miles, as it was, when first shipped on to its destination.  I believe the moment the wine identical with sample shown to defendant was delivered to the carrier to be shipped to G. Re at Pensacola, the title vested in G. Re, and the payment thereof was only suspended until it was received by Mr. G. Re in Pensacola, Fla., and any risk attendant the carriage was to be borne by defendant, and not, as defendant claims, the risks were plaintiff's, because the title was in him.  The moment the wine was received, then from that time was plaintiff entitled to the money set forth in the agreement or receipt, to wit, $294.50.  This was not the ordinary case of the sale of goods for cash to be paid on delivery, where the title does not vest in the purchaser upon actual delivery without payment, unless the condition is waived; but here the money was already in the hands of the defendant ready to be delivered, as the receipt or agreement reads, when G. Re receives the wine.  The moment G. Re reported he received the wine then the money had to be turned over to the plaintiff.  If the plaintiff shipped the wine and instructed the carrier to collect upon delivery, then, perhaps, there would be force in defendant's argument.  The delivery and payment were not to be simultaneous acts, but the commodity was first to be received at Pensacola, Fla., and when that fact was reported in the affirmative, then was the money to be paid over here, in New York.

The defendant contends, further, that the interpretation of the agreement or receipt was left to the jury.  In that he is mistaken, for the court charged the jury, most emphatically, that it was the duty of the plaintiff to ship the wine the same as sample.  That was the intent of the parties, and the only interpretation to be placed on the agreement or receipt.  The defendant received from plaintiff 310 gallons of red wine contained in six barrels, the property of the plaintiff, being the same agreed to be shipped, and I believe plaintiff ought to receive the money for it, and therefore defendant's motion will be denied, and the verdict allowed to stand.

Defendant may have an exception, and 10 days' stay, and 30 days to make a case.